### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**WILBERT MCCOY and ESTHER**
**MCCOY**                                                  **PLAINTIFFS**

**VERSUS**                               **CIVIL ACTION NO. 3:17-cv-360-HSO-JCG**

**WELLS FARGO, N.A.,** *doing business*
*as Wells Fargo Financial National*
*Bank***, and THE WINDOW SOURCE,**
**LLC**                                                    **DEFENDANTS**

### ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LIMITED DISCOVERY REGARDING DEFENDANT WELLS FARGO'S MOTION TO COMPEL ARBITRATION

BEFORE THE COURT is the Motion for a Limited Lifting of the Stay of

discovery and for a Stay of the Briefing Schedule Related to Wells Fargo's Motion to

Dismiss and Compel Arbitration filed by Plaintiffs Wilbert McCoy and Esther

McCoy (ECF No. 14). The Motion is fully briefed: Defendant Wells Fargo, N.A. filed

a Response in Opposition (ECF No. 18), and Plaintiffs thereafter filed a Reply (ECF

No. 19). Having reviewed the submissions of the parties and relevant law, the Court

finds that Plaintiffs' Motion (ECF No. 14) will be GRANTED IN PART and

DENIED IN PART. The parties will be given two months from the date of this

order, or until November 29, 2017, to complete discovery into whether Plaintiffs

actually signed their names to the credit card application that includes the

arbitration agreement at issue in Wells Fargo's Motion to Dismiss and Compel

Arbitration (ECF No. 10).

I. <u>BACKGROUND</u>

This litigation derives from a contract between Plaintiffs and Defendant The Window Source, LLC for the purchase and sale of purportedly energy-efficient windows. *See* Complaint (ECF No. 1, at 5-11). Defendant Wells Fargo financed Plaintiff's purchase. *See id.* On June 22, 2017, Wells Fargo filed a Motion to Dismiss and Compel Arbitration (ECF No. 10), asserting that the credit card application signed by Plaintiffs to finance their purchase of windows included a binding arbitration clause.

In response, Plaintiffs filed the instant Motion (ECF No. 14), in which they allege (1) that their signatures on the credit card application were forged and (2) that they never assented to the terms of the credit card application, in general, or the arbitration clause, more specifically. (ECF No. 15, at 4). Accordingly, the Motion seeks to lift the stay on discovery – entered via Text Order by the Court on June 23, 2017 pursuant to Local Rule 12(b)(3)(B) following Wells Fargo's Motion to Dismiss and Compel Arbitration (ECF No. 10) – in order to "engage in limited discovery related to … whether there was actually mutual assent to be bound by the (hidden, concealed, and misrepresented) terms of the Arbitration Clause contained on one of the **backs of the pages** to that Credit Card Agreement." (ECF No. 15, at 2) (emphasis in original).

Plaintiffs state "[a]n illustrative, but not exhaustive" list of requested discovery:

> (1) the deposition of The Window Source/Wells Fargo sales-
>      agent, David Bradshaw;

(2) requests for production to all Defendants related to sales training activities and materials, sale-force manuals, correspondence, or any other documents that relate to how the Wells Fargo Credit Card Application forms are marketed, sold, and filled out by The Window Source/Wells Fargo's in-home sale-force;

(3) [some sort of discovery request about] the decision to print the Arbitration Clause of the Wells Fargo Credit Card Application on the back of that form of adhesion;

(4) interrogatories to the Defendants asking for all available details about how the Wells Fargo Credit Card Application forms are marketed, sold, and filled out by The Window Source/Wells Fargo's in-home sale-force during these late-night in-home sales calls;

(5) any communications between Wells Fargo and The Window Source regarding the creation of the Wells Fargo Credit Card Application and how Wells Fargo Credit Card Application forms are marketed, sold, and filled out by The Window Source/Wells Fargo's in-home sale-force during these late-night in-home sales calls; and

(6) corporate depositions of the Defendants …, interrogatory(ies), and Request(s) for production related to why … the file of paperwork left by the Defendants … with the McCoys[] … **did not contain any pages of the Wells Fargo Credit Card Application**….

*Id.* at 7.

Wells Fargo's Response notes no objection "to limited discovery solely on the issue of forgery," but "does object to the scope of the McCoy[s'] requested discovery." (ECF No. 18, at 1). Wells Fargo asserts that "[t]he McCoys' only request addressing the signatures or any person who might have information about execution of the documents is their request for 'the deposition of The Window Source/Wells Fargo sales-agent, David Bradshaw.'" *Id.* at 6. The remainder of Plaintiffs' discovery requests should be rejected by the Court, says Wells Fargo, as an "attempt to obtain

wide-reaching, class certification discovery under the guise of arbitration-related discovery." *Id.* Accordingly, Wells Fargo proposes the following discovery related solely to the issue of forgery:

1. Five (5) Interrogatories per side (limited to the forgery allegation);
2. Five (5) Requests for Production per side (limited to the forgery allegations);
3. Four (4) fact depositions per side (limited to those who witnessed or claim to have witnesse[d] the McCoys' signatures);
4. One (1) expert per side (who can be deposed).

*Id.* at 7.

## II. DISCUSSION

The Federal Arbitration Act ("FAA"), which governs the arbitrability of disputes in either state or federal courts, espouses "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Indeed, "Congress's clear intent, in the [FAA], [was] to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Id.* at 22. "Enforcement of an arbitration agreement involves two analytical steps," the first of which is "contract formation – whether the parties entered into *any arbitration agreement at all*." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016) (emphasis in original). Thus,

> if the claim is fraud in the inducement of the arbitration clause itself – an issue which goes to the 'making of the agreement to arbitrate – the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally.

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967). "[A]

federal court may consider only issues relating to the making and performance of

the agreement to arbitrate." *Id.* at 404; *see also Snap-on Tools Corp. v. Mason*, 18

F.3d 1261, 1268 (5th Cir. 1994) ("Only if the allegation of fraud goes specifically to

the making of the agreement to arbitrate must a district court address the merits of

the fraud claim.").

"As a result, courts in this district have 'generally denied arbitration-related

discovery absent a compelling showing that such discovery is required.'" *Am. Gen.*

*Life Ins. Co. v. Harper*, No. 3:15CV605-DPJ-FKB, 2016 WL 430609, at *2 (S.D.

Miss. Feb. 3, 2016) (quoting *Bell v. Koch Foods of Miss., LLC*, No. 3:08-cv-697-WHB-

LRA, 2009 WL 1259054, at *3 (S.D. Miss. May 5, 2009), *aff'd* 358 F. App'x. 498 (5th

Cir. 2009)) (citing *Kulpa v. OM Fin. Life Ins. Co.*, No. 1:07-cv-1136-HSO-RHW, 2008

WL 351689, at *1-2 (S.D. Miss. Feb. 6, 2008); *Ameriprise Fin. Servs., Inc. v.*

*Etheredge*, No. 3:07-cv-404 (S.D. Miss. Sept. 17, 2007), *aff'd* 277 F. App'x. 447 (5th

Cir. 2008); *Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 829 (S.D. Miss. 2001),

*aff'd sub nom. Bank One NA v. Coates*, 34 F. App'x. 964 (5th Cir. 2002)

(unpublished table decision)).

The Court must find Plaintiff's requested discovery excessive in light of

controlling precedent. Plaintiffs cannot avoid arbitration by pleading that Plaintiffs'

assent to the underlying contract containing the arbitration clause was obtained by

fraud. This is because claims of "fraud in the inducement of the contract generally"

are not addressed by the district court, but rather left for the arbitrator. *Snap-on*

*Tools*, 18 F.3d at 1268. Therefore, no compelling showing has been made in support of discovery into Plaintiffs' assertion of fraudulently procured assent to the credit card application.

However, Plaintiffs' claim that they never actually signed the credit card agreement containing the arbitration clause at issue challenges the very existence of an agreement to arbitrate. If no contract was ever formed, no arbitration agreement was ever entered into, therefore Plaintiffs cannot be said to have forfeited their right to suit. Plaintiffs and Wells Fargo have submitted competing sworn affidavits in support of their respective positions regarding whether Plaintiffs actually signed the credit card application. (ECF No. 16); (ECF No. 10-3). Wells Fargo rightly does not dispute that discovery into this claim is necessary under the circumstances.

Having determined that some discovery is necessary, the Court turns to the scope of discovery that will be granted. The discovery proposed by Plaintiffs was far in excess of what the Court will allow. However, Wells Fargo's proposed discovery appears reasonable and proportional to the needs of the issue before the Court, and Plaintiffs did not object to Wells Fargo's proposal in case the expanded scope of discovery they sought were denied. *See* (ECF No. 20). Accordingly, the parties will each be afforded up to five (5) Interrogatories, five (5) Requests for Production, four (4) fact depositions of individuals who claim to have witnessed the McCoys' signatures, and the use of one (1) expert, who may be deposed. The deadline to

complete this discovery is November 29, 2017. This discovery is, of course, limited to the issue of Plaintiffs' signatures on the credit card application.

### III. CONCLUSION

The Court has considered the parties' arguments and concludes that the McCoys have demonstrated a sufficient basis for limited discovery into whether they actually signed the credit card application containing the arbitration clause at issue in Wells Fargo's Motion to Dismiss and Compel Arbitration (ECF No. 10). However, the McCoys have not demonstrated sufficient basis for any further discovery.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion (ECF No. 14) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent that it seeks discovery into whether they actually signed the credit card application. To the extent that the Motion (ECF No. 14) seeks further discovery, it is **DENIED**. The parties are each afforded up to five (5) Interrogatories, five (5) Requests for Production, four (4) fact depositions of individuals who claim to have witnessed the McCoys' signatures, and the use of one (1) expert, who may be deposed. The deadline to complete this discovery is **November 29, 2017**.

**SO ORDERED AND ADJUDGED**, this the 29th day of September, 2017.

s/ John C. Gargiulo
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE